Camp *v.* Knox County.

3L 199
4L 31
5L 216
5L 268
6L 275
11L 22

E. C. CAMP *v.* KNOX COUNTY.

COUNTY WARRANTS. *Not negotiable and do not bear interest.* A county warrant, although made payable to a person named or order, is not a negotiable instrument, nor does it bear interest after demand of payment.

FROM KNOX.

Appeal in error from the Criminal Court of Knox county. M. L. HALL, J.

E. C. CAMP for Camp.

JAMES COMFORT for county.

COOPER, J., delivered the opinion of the court.

The question raised by the record is, whether a county warrant bears interest after demand of payment. The warrant in controversy, of which the plaintiff is owner by endorsement of the ·payees, reads as follows:

"No. 722. State of Tennessee. Knox county. Trustee of Knox county:

"Pay to Logan & Luckey, or order, three hundred dollars, being the amount legally allowed for attorney's fees for county. Given under my hand at office this 3d day of July, A.D., 1878.

"$300. T. W. KEARNS,

"Chairman County Court."

The judge who tried the cause in the court below without a jury was of opinion that the warrant did not bear interest, and sustained a plea of tender of the debt, with the money brought into court, ordered the money to be paid to the plaintiff, and gave judgment against him for costs. He has appealed in error. The proof shows repeated demands of payment before suit brought.

By the Code, sec. 421: "The judge or chairman of the county court shall be the accounting officer and general agent of the county, and as such he shall have power, and it shall be his duty:

. . . . . . . . . . .

"4. To audit all claims for money against the county.

"5. To draw all warrants on the county treasury.

. . . . . . . . . . .

"8. To enter in a book, to be known as the warrant book, in the order of issuance, the number, date, amount and name of the drawee, of each warrant drawn upon the treasury."

By the Code, sec. 422: "No money shall be drawn out of the treasury of the county except upon the warrant of the judge or chairman of the county court."

By the Code, sec. 427: "It shall be the duty of the county trustee:

. . . . . . . . . . .

"3. When a warrant is presented to him for payment to enter it in a book kept by him for the purpose, ruled in columns, so as successively to show the number, payee or holder, date, day of presentation, and amount of the same.

"4. If there be funds in the treasury, not otherwise appropriated, immediately to pay the demand and take up the waarant; otherwise, to deliver it to the owner, with the number endorsed, and afterward to pay it in its numerical order."

By the Code, secs. 429, 431, stringent provisions are given for the enforcement of the payment of warrants in accordance with these provisions, under severe penalties on the trustee.

The effect of these provisions is to establish a mode of reaching money in the county treasury, by having one county officer to audit and another to pay each claim in a prescribed order. The warrant was intended to furnish a voucher to the disbursing officer for his payments. There is not the least intimation of an intention to create negotiable instruments. All the authorities agree that even if the warrant be put into a negotiable form it will not deprive the county of any equity or defense which the county might have against the person in whose favor the warrant is drawn. And the better opinion is that the warrant cannot be made negotiable at all for the reason that it is only prescribed as a mode of reaching money in the county treasury, and the power of issuance does not imply authority to execute negotiable instruments. The question is not whether the county has power to make a bill of exchange or promissory note, but whether the judge or chairman of the county court, when he issues a warrant under the statute, has the power to give it the form and qualities of a negotiable instrument. 1 Dan. Neg. Inst., sec. 427 *et seq.* This court came

to the same conclusion in relation to the warrant of a municipal corporation, drawn by the recorder or mayor on the treasurer, in *Mayor of Nashville* v. *Fisher*, MS. opinion of Judge Freeman at Nashville.

Such warrants, issued as vouchers, do not bear interest. 1 Dan. Neg. Inst., sec. 432. The reason is, that neither the character of the instrument nor the intention of its issuance contemplate such a result. The law distinctly provides for its payment at the earliest possible day when there is money in the treasury, and enforces its payment by severe penalties in the order of its presentation. The money in the county treasury arises principally from the collection of taxes levied for the purpose. The collection of these taxes is often suspended by the Legislature when the public interest is supposed to require the suspension, and the taxes of each year are almost always postponed until the closing months of the year. Persons who deal with the county know these facts, and understand the mode of payment prescribed by law.

A county warrant does not fall within the Code, sec. 1945, for it is not one of the instruments therein enumerated. Whether it can be sued upon at all, or is only *prima facie* evidence of the amount of the claim in a suit upon the original demand, is left in doubt by the authorities. It is unnecessary to express any opinion on the point in this case.

The judgment will be affirmed with costs.